IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert William Hoyer, | ) | No. CIV 08-2096-PHX-SRB (DKD) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Charles L. Ryan, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Robert William Hoyer filed a timely[1] petition for writ of habeas corpus on November 12, 2008, challenging his convictions following a guilty plea for first degree murder, conspiracy to commit first degree murder, burglary in the second degree and conspiracy to commit burglary in the second degree. The incidents supporting the convictions involved an agreement between Hoyer and his girlfriend to steal his friend's property and kill him. The trial court imposed natural life imprisonment for the first degree murder, life imprisonment with the possibility of parole after 25 years for the conspiracy to commit first degree murder, and aggravated 13-year terms for the burglary convictions.

---

[1] Respondents are unable to verify when Hoyer filed his second PCR petition and therefore cannot establish how much, if any, of the remaining time in the limitations period was tolled. Because of this uncertainty, they are unable to prove the petition was untimely filed.

In Ground One, Hoyer alleges a violation of his Sixth Amendment right to a jury trial regarding the finding of aggravating factors. In Ground Two, he alleges a violation of his Fifth Amendment right to due process based upon the use of allegedly perjured testimony in grand jury proceedings. In Grounds Three and Four, he alleges a violation of his Sixth Amendment right to the effective assistance of counsel based upon the failure of counsel to interview prosecution witnesses and to investigate the case or to challenge the finding of aggravating factors. Respondents[2] contend that Ground Two is not cognizable on federal habeas review and that the remaining three grounds are without merit. The Court recommends that Hoyer's petition be denied and dismissed with prejudice.

**BACKGROUND**

Following the trial court's acceptance of Hoyer's guilty plea and the imposition of sentence, he sought post-conviction relief, arguing that (1) counsel was ineffective for *inter alia* failing to interview witnesses and object to the finding of aggravating factors; (2) the judge erred at sentencing by remarking that Hoyer had no conscience; (3) the prosecutor presented perjured testimony during grand jury proceedings; (4) Hoyer was falsely arrested; (5) police violated his Fifth and Sixth Amendment rights during a pretrial interview; (6) his plea agreement violated Arizona state law; and (7) his sentence violated Arizona state law (Doc. #11, Exh C, E).

The trial court conducted an evidentiary hearing on the issues of prosecutorial conduct during the grand jury proceedings and the failure of counsel to interview enough witnesses; the court denied the remainder of Hoyer's claims (*Id.*, Exh E). Following the evidentiary hearing, the trial court denied Hoyer's petition, ruling in part as follows:

> The "misstatements" to the grand jury that Defendant is relying upon were not intentionally made to mislead the grand jurors, were not material, and did not impact the outcome of the grand jury proceeding.

---

[2]Charles L. Ryan is substituted for Dora Schriro as interim Director of the Arizona Department of Corrections.

> For Mr. Shriver to have acted effectively in his representation of defendant in this case, it was not necessary for Mr. Shriver to have interviewed all of the witnesses who the State might call to testify at trial. Mr. Shriver participated in all of the interviews necessary for him to ensure that Defendant could adequately determine if the plea was in Defendant's best interests.

(*Id.*, Exh G).

The trial court granted Hoyer leave to file a supplemental petition, arguing a *Blakely*[3] violation for aggravating his sentences based on facts not found by a jury (*Id.*, Exh D). He also argued that trial counsel was ineffective for failing to object to the *Blakely* violation (*Id.*). The trial court ordered that Hoyer be resentenced but denied his ineffective assistance claim (*Id.*, Exh H). On review of the trial court's order for resentencing, the court of appeals ruled that the finding of one of the aggravating factors, the presence of an accomplice, complied with *Blakely* because Hoyer had admitted the presence of an accomplice at the change-of-plea hearing and because the presence of an accomplice was inherent in Hoyer's guilty plea to the conspiracy charges (*Id.*, Exh J). The court of appeals vacated the trial court's ruling; the supreme court denied review (*Id.*, Exh J, K).

Hoyer filed a petition for writ of habeas corpus in state court, arguing that (1) the prosecutor had committed misconduct at the grand jury proceedings; (2) trial counsel was ineffective; and (3) his sentences were imposed in violation of *Blakely* (*Id.*, Exh L). The trial court construed the pleading as a post-conviction petition and ruled that the claims were precluded because Hoyer had raised them in earlier proceedings (*Id.*). The court of appeals and the supreme court denied review (*Id.*, Exh M, N).

## DISCUSSION

Hoyer argues in his federal petition that the prosecutor violated his federal constitutional rights by presenting perjured testimony to the grand jury. This claim is not cognizable on federal habeas review. Once Hoyer pleaded guilty, federal habeas review is limited to the constitutionality of the proceedings surrounding the plea process. Any

---

[3] *Blakely v. Washington*, 542 U.S. 296 (2004).

challenges to what may have occurred prior to the entry of the plea are precluded. *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992).

Hoyer next argues that the trial court committed a *Blakely* violation because the facts used to aggravate his sentences were not found by a jury. The Court disagrees. In order for a sentence to be *Blakely*-compliant, the facts used to aggravate the sentence must *either* be found by a jury, admitted by the defendant, or be inherent in the jurors' verdicts. *See Blakely*, 542 U.S. at 301-04. However, the Supreme Court has not held that *every* fact used to aggravate a prisoner's sentence must be found by a jury. In Arizona, once one *Blakely*-compliant aggravating factor has been found, the defendant is exposed to the entire sentencing range, and the trial judge has discretion to sentence a defendant to a term anywhere within that statutory range. *State v. Martinez*, 210 Ariz. 578, 583-84 (2005). By pleading guilty to conspiracy to commit first degree murder and conspiracy to commit burglary in the second degree, Hoyer necessarily admitted that he had acted with an accomplice. *See* A.R.S. §§ 13-301(2), 303(A)(3). Facts admitted by a defendant satisfy the constitutional requirement. *See Blakely*, 542 U.S. at 301-04. The state court's ruling was a correct interpretation of Arizona State law, and Hoyer cannot obtain habeas relief on this ground. For the same reasons, counsel was not ineffective for failing to raise this issue. Finally, Hoyer is not entitled to relief on his claim that counsel was ineffective for failing to interview enough of the State's potential witnesses. He does not state what information would be obtained from such interviews, whether those unknown facts would have any bearing on his case, or whether a jury, when presented with these unknown facts, would have acquitted him. Hoyer fails to demonstrate a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS THEREFORE RECOMMENDED** that Robert William Hoyer's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 21st day of April, 2010.

_____
David K. Duncan
United States Magistrate Judge