**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert William Hoyer,            )<br>                                  )<br>          Petitioner,            )<br>                                  )<br> vs.                              )<br>                                  )<br> Charles L. Ryan, et al.,         )<br>                                  )<br>          Respondents..          )<br>_____ ) | No. CV08-2096-PHX-SRB<br><br>**ORDER** |

Petitioner Robert William Hoyer filed his Petition for Writ of Habeas Corpus on November 12, 2008. In his Petition he raised four grounds for habeas relief. First, Petitioner claims his Sixth Amendment right to a jury trial was violated by the court finding aggravating factors at his sentencing. Second, Petitioner alleges his Fifth Amendment right to due process was violated based upon the use of alleged perjured testimony in grand jury proceedings. Petitioner's third and fourth grounds for habeas relief are alleged claims of ineffective assistance of counsel based upon counsel's alleged failure to interview prosecution witnesses and fully investigate the case and counsel's failure to challenge the court's finding of aggravating factors. Respondents answered the Petition for Writ of Habeas Corpus on April 17, 2009. Thereafter, Petitioner filed a Traverse.

On April 22, 2010, the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with

prejudice. The Magistrate Judge found that with respect to Petitioner's claims regarding alleged perjured testimony before the grand jury, Petitioner's guilty plea limits habeas review to the constitutionality of the proceedings surrounding the plea process. The Magistrate Judge also concluded that the trial court did not commit a *Blakely* violation in finding an aggravating factor at sentencing because the aggravating factor involved the fact that Petitioner acted with an accomplice. As noted by the Magistrate Judge, by pleading guilty to conspiracy counts Petitioner necessarily admitted that he acted with an accomplice. Facts admitted by a defendant do not need to be found by a jury to satisfy the constitutional requirements. Finally, the Magistrate Judge found no ineffective assistance of counsel on either of the two bases raised by Petitioner. Because there was no *Blakely* violation, there was no ineffective assistance by failing to raise it. Ineffective assistance of counsel requires a showing of both deficiencies in counsel's performance and that the outcome of the proceeding would probably had been different but for counsel's deficiencies. The Magistrate Judge pointed out that other than claiming that there should have been more investigation and more witness interviews Petitioner does not state what information would have been obtained from such interviews resulting in a reasonable probability that the outcome of his case would have been different.

After receiving an extension of time, Petitioner filed timely written objections to the Magistrate Judge's Report and Recommendation. While these written objections object to each of the findings with respect to the first, second, third and fourth claims in the habeas petition, they constitute no more than a re-argument of Petitioner's case. Petitioner fails to point out any factual or legal errors made by the Magistrate Judge and simply disagrees with what the Court finds are correct conclusions concerning Petitioner's four claims. Petitioner cannot claim on habeas review that perjured testimony was presented to the grand jury because, as correctly noted by the Magistrate Judge, any challenges to what may have occurred prior to the entry of the guilty plea are precluded, citing *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992). Petitioner's constitutional claim regarding the finding of aggravating factors is similarly without merit since the aggravating factor found was one

- 2 -

necessarily admitted by Petitioner when he pled guilty to conspiracy offenses. The state court's finding of the aggravating factor and denial of the Petition for Post-Conviction Relief raising the *Blakely* claim is neither contrary to nor an unreasonable application of existing federal constitutional law as announced by the United States Supreme Court.

Finally, the claims for ineffective assistance of counsel are denied for the reasons expressed by the Magistrate Judge. Because there is no *Blakely* violation counsel was not ineffective for failing to raise it. Petitioner has failed to show that interviewing more witnesses or doing any further investigation would have had a reasonable probability of effecting the outcome of this case.

IT IS ORDERED overruling Petitioner's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed with prejudice.

DATED this 16th day of September, 2010.

_____
Susan R. Bolton
United States District Judge